**UNITED STATES of America**

v.

**Yesid F. JIMENEZ–MARTINEZ**
**Defendant.**

**No. CR.A. 94–10061NMG.**

United States District Court,
D. Massachusetts.

March 17, 1994.

Frank G. Kelleher, Boston, MA, Henry F. Owens, III, Owens & Associates P.C., Boston, MA, for Christopher Fazio.

Albert F. Cullen, Jr., Cullen & Cullen, North Andover, MA, for Ramin B. Mojabi.

John F. Palmer, Law Office of John F. Palmer, P.C., Boston, MA, for Natalie R. Fazio.

Raymond E. Gillespie, Cambridge, MA, for Alvaro E. Moreno.

Lenore Glaser, Stern, Shapiro, Weissberg & Garin, Boston, MA, Marian H. Glaser, Boston, MA, John C. McBride, McBride & Keefe, Boston, MA, for Yesid F. Jimenez.

Miriam Conrad, Office of the Federal Defender, Boston, MA, for Gabriel Uroujo Perezo.

Michael J. Pelgro, United States Attorney's Office, Boston, MA, for U.S. Attorneys.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On June 16, 1994 Jimenez was, pursuant to a superseding indictment, charged with conspiracy to distribute cocaine, distribution of cocaine and possession of cocaine with the intent to distribute. On September 14, 1994, he pled guilty to all charges.

On April 3, 1995, this Court sentenced Jimenez to 120 months imprisonment followed by 72 months supervised release. Jimenez appealed his sentence to the First Circuit Court of Appeals which vacated his sentence on the ground that this Court considered insufficiently reliable evidence in determining the quantity of cocaine attributable to defendant. *United States v. Jimenez Martinez*, 83 F.3d 488, 495 (1st Cir.1996).

On September 20, 1996, this Court resentenced Jimenez and the sentence was affirmed on appeal. *United States v. Jimenez–Martinez*, 125 F.3d 842, 1997 WL 580328 (1st Cir.1997)(unpublished).

Pending before this Court is the motion by Yesid F. Jimenez–Martinez ("Jimenez") for an extension of time to file a petition for a writ of habeas corpus under 28 U.S.C. § 2255.

## I. *Discussion*

Jimenez filed his motion on June 25, 2001 seeking an extension until 90 days following a ruling by the United States Supreme Court on whether *Apprendi v.*

*New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is retroactive on collateral review.[1]

The authority of federal courts is constitutionally restricted to questions presented in an adversary context and in a form capable of judicial resolution. *Flast, et al. v. Cohen,* 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). An issue is not justiciable where it is not ripe for review. *Abbott Laboratories, et al. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The purpose of the ripeness doctrine is "to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract litigation." *Stern v. United States District Court for the District of Massachusetts,* 214 F.3d 4, 10 (1st Cir.2000)(quoting *Abbott Laboratories,* 387 U.S. at 148, 87 S.Ct. 1507). The most important consideration in determining ripeness is whether "the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." *Gilday v. Dubois, et al.,* 124 F.3d 277, 295 (1st Cir. 1997).

Jimenez seeks a determination from this Court that he is entitled to an enlargement of the statute of limitations provided by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996). Jimenez has not yet filed a petition for a writ of habeas corpus nor has he revealed to the Court his basis for the prospective petition. *See United States v. Estupinan–Paredes,* 967 F.Supp. 39, 40 (D.P.R.1997)(request for extension of time to file a petition under § 2255 not ripe where petition has not yet been filed). From Jimenez' one-page motion, this Court can only surmise the basis for his planned motion for a writ of habeas corpus. Although it can be reasonably inferred that Jimenez seeks an extension under 28 U.S.C. § 2255(3) by virtue of the Supreme Court's ruling in *Apprendi,* he fails to mention whether or in what way that case applies to him.[2] The Court cannot, therefore, ascertain whether an extension of time is necessary or warranted.

## ORDER

For the foregoing reasons, the defendant's motion for an extension of time to file a writ of habeas corpus (Docket No. 239) is DENIED.

So ordered.

---

1. In *Apprendi,* the Supreme Court held that:

   Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

   *Id.* at 490, 120 S.Ct. 2348. The Supreme Court has not yet determined whether *Apprendi* is retroactive on collateral review but the First Circuit Court of Appeals has determined that it is not. *Sustache–Rivera v. United States,* 221 F.3d 8, 15 (1st Cir.2000)(a new constitutional rule is applied retroactively to cases on collateral review only where Supreme Court explicitly so states or applies the rule in a collateral proceeding).

2. Pursuant to 28 U.S.C. § 2255(3) the one-year statute of limitations may run from:

   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.